1  J. Andrew Coombs (SBN 123881)                                              JS-6
   *andy@coombspc.com*
2  Nicole L. Drey (SBN 250235)
   *nicole@coombspc.com*
3  J. Andrew Coombs, A P.C.
   517 East Wilson Avenue, Suite 202
4  Glendale, California 91206
   Telephone:  (818) 500-3200
5  Facsimile:   (818) 500-3201

6  Attorneys for Plaintiffs Paramount
   Pictures Corporation and Warner Bros.
7  Entertainment Inc.

8

9

10                     UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12
   Paramount Pictures Corporation and     ) Case No. CV08-3150 VBF (PLAx)
13 Warner Bros. Entertainment Inc.,       )
                                          ) JUDGMENT PURSUANT TO
14                      Plaintiffs,       ) ENTRY OF DEFAULT
                                          )
15        v.                              )
                                          )
16 Roy Crawford, Donald Harper, an        )
   individual and d/b/a Video Yesteryear, )
17 and Does 2 – 10, inclusive,            )
                                          )
18                      Defendants.       )

19

20        This cause having come before this Court on the motion of Plaintiffs Paramount

21 Pictures Corporation ("Paramount") and Warner Bros. Entertainment Inc. ("Warner

22 Bros.") (collectively "Plaintiffs") for entry of default judgment and permanent

23 injunction ("Motion") against Defendants Roy Crawford ("Crawford") and Donald

24 Harper, an individual and d/b/a Video Yesteryear ("Harper") (collectively

25 "Defendants");

26        AND, the Court having read and considered the pleadings, declarations and

27 exhibits on file in this matter and having reviewed such evidence as was presented in

28 support of Plaintiffs' Motion;

AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the following facts:

Paramount is the owner of all rights in and to certain copyright registrations, including, but not limited to, the copyrights which are the subject of the registrations: *Barnyard* (PA 1-322-902), *Flushed Away* (PA 1-340-654), *Jackass Number Two* (PA 1-333-097), *Mission: Impossible III* (PA 1-314-043), *Nacho Libre* (PA 1-322-653) and *The Italian Job* (PA 1-226-857) (collectively "Paramount's Copyrights").

Warner Bros. is the owner of all rights in and to certain copyright registrations, including, but not limited to, the copyrights which are the subject of the registrations: *The Ant Bully* (PA 1-343-715), *The Lake House* (PA 1-327-436), *Lady in the Water* (PA 1-337-655), *Superman Returns* (PA 1-331-425) and *The Wicker Man* (PA 1-369-501) (collectively "Warner Bros.' Copyrights"). (Hereinafter, Paramount's Copyrights and Warner Bros' Copyrights are referred to collectively as "Plaintiffs' Copyrights".)

Plaintiffs have complied in all respects with the laws governing copyrights and secured the exclusive rights and privileges in and to the Plaintiffs' Copyrights.

The appearance and other qualities of the Plaintiffs' Copyrights are distinctive and original.

Defendants engage in the unauthorized business of importing, distributing, promoting, selling and/or offering for sale unauthorized pirated Digital Versatile Discs ("DVDs") of Plaintiffs' motion pictures featuring the Plaintiffs' Copyrights ("Unauthorized Media Product").

Defendants' importing, advertising, displaying, promoting, marketing, distributing, providing, offering for sale and selling of the Unauthorized Media Product was engaged in willfully and intentionally, without leave or license from Plaintiffs, in violation of Plaintiffs' rights in and to the Plaintiffs' Copyrights. The devices, emblems, and artwork on the Unauthorized Media Product are not just "confusingly similar" to the Plaintiffs' Copyrights, they are identical.

The Court specifically finds that Plaintiffs are the prevailing parties for purposes of an award of reasonable attorneys' fees.  Plaintiffs have instituted this action for an entirely proper and appropriate purpose, solely to vindicate and enforce compliance with their rights which have been knowingly and willfully infringed by Defendants and to recover for infringement of such rights.  Plaintiffs' action was not brought frivolously.

In contrast, Defendants' infringing conduct is a clear and unmistakable violation of Plaintiffs' rights.  Defendants' conduct has been patently unreasonable and egregious, violating Plaintiffs' rights by appropriating and featuring the Plaintiffs' Copyrights on media products, when Defendants intended, or knew or should have known, that such infringing activity would likely injure Plaintiffs' names and reputations, requiring Plaintiffs to institute and prosecute this action, and incur fees and costs in so doing, in order to attempt to obtain Defendants' recognition and compliance with Plaintiffs' rights.  Considerations of appropriate compensation and adequate deterrence also militate in favor of granting Plaintiffs an award of attorneys' fees, pursuant to 17 U.S.C. § 505.

The liability of the Defendants in the above-referenced action for their acts in violation of Plaintiffs' rights is knowing and willful, and as such, the Court expressly finds that there is no just reason for delay in entering the default judgment and permanent injunction sought herein.

Therefore, based upon the foregoing facts, and

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Judgment shall be and is hereby entered in the within action as follows:

1)  This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. §§ 101 *et seq.*, 28 U.S.C. §§ 1331 and 1338.

2)  Service of process was properly made on the Defendants.

3)      Defendants have distributed, sold, and offered for sale unauthorized copies of Plaintiffs' motion pictures which infringe upon the Plaintiffs' Copyrights.

4)      The Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from:

   a)     Infringing the Plaintiffs' Copyrights, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, reproducing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of the Plaintiffs' Copyrights, and, specifically:

   i)     Importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale the Unauthorized Media Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of the Plaintiffs' Copyrights;

   b)     Importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to the Plaintiffs' Copyrights;

   c)     Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs, or are affiliated with Plaintiffs;

   d)     Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or

other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

5) Defendants are ordered to pay damages to Paramount pursuant to 17 U.S.C. § 504 in the sum of One Hundred Fifty Thousand Dollars ($150,000.00).

6) Defendants are ordered to pay damages to Warner Bros. pursuant to 17 U.S.C. § 504 in the sum of One Hundred Twenty-Five Thousand Dollars ($125,000.00).

7) Defendants are ordered to pay Plaintiffs' attorneys' fees and costs in the amount of Nine Thousand One Hundred Dollars ($9,100.00).

8) Defendants are ordered to pay interest on the principal amount of the judgment to Plaintiffs at a statutory rate pursuant to 28 U.S.C. § 1961(a).

9) This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

10) The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Judgment against Defendants.

11) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

DATED: Sept. 30, 2008

_____
Hon. Valerie Baker Fairbank
Judge, United States District Court,
Central District of California

PRESENTED BY:

J. Andrew Coombs, A Prof. Corp.

By: _____
    J. Andrew Coombs
    Nicole L. Drey
Attorneys for Plaintiffs Paramount Pictures
Corporation and Warner Bros. Entertainment Inc.